Filed 6/1/16  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080230 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05922) |
| v. | |
| ERIC D. JOHNSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eric D. Johnson filed an opening brief setting forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

1

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

On July 29, 2014, defendant was sleeping at the home of C.B., a 13-year-old child. C.B. slept on the couch while defendant slept on the floor. C.B. awoke to pain in her genitalia and discovered defendant standing over her, with his hand inside her shirt, shorts, and underwear. Defendant touched C.B. with the intent of arousing both their passions and sexual desires. C.B. yelled for her mother and defendant fled but later admitted his acts.

From October 2008 to October 2009 defendant repeatedly touched L.H., a 13-year-old child, on her buttocks, breasts, and genitalia. Defendant forced L.H. onto a bed and touched her numerous times with the intent of arousing the passions and sexual desires of himself and L.H. Once, defendant dragged L.H. into her brother's room, threw her on the bed, and tried to put his fingers into her shorts. L.H. fought back and defendant eventually allowed her to leave the room.

Defendant pleaded guilty to committing a lewd act on a child under the age of 14 on July 29, 2014. (Count one (C. B.); Pen. Code, § 288, subd. (a).)[1] Defendant also pleaded guilty to committing a lewd act on a child under the age of 14 by use of force, violence, duress, or threat of bodily harm, between October 2008 and October 2009. (Count two (L.H.); § 288, subd. (b)(1).) In addition, defendant admitted his prior conviction for burglary was a prior serious felony and prior strike. (§§ 459, 667, subds. (a) & (b)-(i), 1170.12.)

Per the parties' agreement, defendant was sentenced to an aggregate term of 31 years' incarceration, as follows: on count one, the upper term of eight years, doubled

_____

[1]     Undesignated statutory references are to the Penal Code.

2

pursuant to the strike; on count two, the lower term of five years, doubled pursuant to the strike; plus five years for the prior serious felony conviction. The court awarded 323 days of presentence custody credit, which the court later modified to 334 days. The trial court imposed a $300 restitution fine and a corresponding parole revocation fine, suspended unless parole is revoked. (§§ 1202.4, subd. (b), 1202.45.) The abstract of judgment also reflects the mandatory two $40 court operations fees (totaling $80) and two $30 conviction assessments (totaling $60). (§ 1465.8; Gov. Code, § 70373.) Defendant obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                    NICHOLSON        , J.


We concur:


    BLEASE         , Acting P. J.


    MAURO         , J.


3